hibitions against branding any package as 'cider vinegar' which contains that which is not cider vinegar. These provisions, enacted for the purpose of preventing fraud, cover subjects distinct from those relating to acidity, and they create offenses accordingly. Full effect may be given to the fifty-third article of the statute imposing penalties even though those portions of the definition of adulterated vinegar contained in section 50, which relate to acidity, should be stricken out."

We think the foregoing correctly interprets the meaning and scope of the statute, and is a correct exposition of the law applicable thereto. At all events, we consider that the decision in the Niagara Fruit Case, supra, should be regarded as decisive of the questions involved upon this appeal. In that case the allegations in the complaint, which, for all practical purposes, were the same as the allegations of the complaint in the case at bar, were proven, and it was held that a recovery of the penalties could be had. It follows that, if the facts alleged in the complaint in this case should be proven, a recovery could likewise be had; in other words, the complaint in the case at bar states facts sufficient to entitle the plaintiff to recover under each alleged cause of action. The judgment must therefore be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event.

SPRING, J., concurs. HISCOCK, J., concurs in result. WILLIAMS and STOVER, JJ., dissent.

---

### FRANK v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE OF THIRD PARTIES—PARAMOUNT RIGHT OF WAY.

The fact that the driver of a team on the tracks of a street railway may have contributed to the negligence of the railway, which resulted in injury to a passenger, does not relieve the railway from responsibility, if defendant, by its negligence, injured plaintiff without contributory negligence on her part.

2. SAME—ACTIONS—INSTRUCTIONS—REFUSAL OF REQUESTS.

In an action for injuries to a passenger on a street car, where the court had charged that if the driver of a wagon with which the car collided was negligent, and it was solely through his negligence that the accident happened, then defendant would not be responsible, but, if the driver of the wagon was negligent, and defendant's motorman was also negligent, and his negligence concurred with that of the driver, then defendant was liable, it properly refused to confuse the issue by giving requested instructions as to the paramount rights of defendant to the use of its tracks.

3. STREET RAILWAYS—PARAMOUNT RIGHT IN STREETS.

A street railway's paramount right to the use of its tracks must be exercised in connection with the rights of others, and it is not free to operate its cars in disregard of an obvious necessity on the part of persons lawfully using the street to occupy its tracks in passing around an excavation.

---

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1132.

4. CARRIERS—DUTY TO PASSENGERS—CARE TO BE EXERCISED.
    A street railway is bound to use reasonable care, considering the nature of its business and the responsibilities attaching to the carrying of human beings, to prevent any accident by which a passenger may be injured.

5. TRIAL—REQUESTS TO CHARGE—CHANGE OF FORM.
    A refusal to charge a request which does not state the law correctly is not error, as the court is not bound to correct the form of the request.

6. CARRIER—NEGLIGENCE—QUESTIONS FOR JURY.
    Where a street was in an abnormal condition, owing to excavations, at the time of a collision between defendant's car and a team using defendant's tracks, which resulted in injury to plaintiff, a passenger, it was for the jury to say whether defendant's motorman was justified in assuming that he could operate his car, and that the driver of the wagon would use reasonable care to get out of the way, and also to say what was such a reasonable degree of care on the part of the driver as to relieve him from the full responsibility for the accident.

Appeal from Trial Term.

Action by Isabella Frank against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Bayard H. Ames, for appellant.
Stephen C. Baldwin, for respondent.

WOODWARD, J. The plaintiff in this action was a passenger on one of defendant's cars running in and along Sixth avenue, going down town, between Forty-First and Fortieth streets, in the borough of Manhattan, on the 23d day of November, 1901. This car overtook an express wagon which was being driven along the avenue in the same direction, and the wagon was forced against one of the pillars of the elevated railroad, in such a manner that some of the windows of the car were broken, and the car came to a sudden standstill; throwing the plaintiff against the woodwork of the car, and producing the injuries for which she seeks recovery. At least, there was evidence justifying the jury in finding these facts, and they have rendered a verdict for $3,000. From the judgment entered, the defendant appeals.

The only questions presented by this appeal relate to the charge of the learned trial justice, with the exception of the suggestions that the verdict is against the weight of evidence, and that the verdict is excessive, and as to these we are of opinion that they are without merit. Defendant's counsel requested the court to charge "that it is conceded in this case that the accident happened between the crossings of two streets, and that between the crossings of streets the cars of the railroad company have a paramount right to the use of the tracks." To this the learned court responded:

"They have the paramount right to the use of the tracks. That is true But the right of the defendant, the railroad company, like all other rights, must be exercised in connection with the rights of other people, and depends upon the circumstances under which they are exercising those rights, and it makes no difference whether or not this driver had any right to be on the tracks. It is not a question between the driver of this wagon and the rail-

road company. If any one got upon its tracks unlawfully and interfered with the exercise of this paramount right, and the defendant did not take due care and caution to avoid any accident resulting from that violation of its rights, then it is responsible."

The defendant excepted to this.

The defendant appears to have entertained the theory that, because the plaintiff alleged in her complaint that the accident was due solely to the negligence of the defendant, if it could be shown that the driver of the wagon was negligent, or that the conduct of the driver was such as to mislead the defendant's motorman, the plaintiff's right to recover would be defeated. But as we read the complaint, the allegation was that the injury was "occasioned entirely through the fault, neglect, and want of care on the part of the defendant, its agents and servants, and not through any fault, neglect, or want of care on the part of the plaintiff in this action"; meaning by this that the negligence of the defendant, without any contribution on the part of the plaintiff, was responsible for the accident; and defendant's answer clearly indicates that this was the view which was taken of the pleadings at the time issues were joined. The fact that some third person may have contributed to the defendant's negligence does not relieve it from responsibility. The question is, did the defendant, by its negligence, injure the plaintiff, without contributory negligence on her part? And upon this issue the question of the paramount right to the use of its tracks, as between the defendant and the driver of the wagon with which the car collided, has no bearing whatever, so long as the negligence of the defendant caused the injury to the plaintiff. Both the defendant and the driver of the wagon may have been guilty of negligence in producing the accident, and the plaintiff might, perhaps, have joined them as defendants if she had elected to do so; but the only question presented by the evidence in this case was whether the defendant had been guilty of negligence resulting in injury to the plaintiff, without any negligence upon her part contributing to this result, and upon this issue the jury has found with the plaintiff, and the learned trial justice properly disposed of the request to charge. The learned court had charged:

"You will bear in mind that you are not to test this case by the negligence of the driver of the wagon, entirely. If the driver of the wagon was negligent, and it was solely through his negligence that this accident happened, then the defendant is not liable for the happening of the accident—if it occurred entirely, I say, through the negligence of the driver of the wagon. But if the driver of the wagon was negligent, and the motorman of the defendant was also negligent, and his negligence concurred with the negligence of the driver of the wagon, then the defendant is liable, if you find that the accident would not have occurred except through the concurring negligence, or solely through the negligence, of the motorman of the car."

With this clear statement of the law, the effort of the defendant to confuse the issue by requests for instructions as to the paramount rights of the defendant, for the purpose, as appears from the argument, of justifying the defendant's motorman in not bringing his car to a stop in time to avoid the accident, was not calculated to aid in disposing of the issue upon its merits; and the refusal of the request in the form made, and the statement of the law made by the court, were not

error. The evidence was such that the jury was justified in finding that at the point where this accident occurred the street was torn up for the purpose of making public improvements, and it was in such condition that the driver of the wagon was obliged to drive upon the tracks of the defendant. This being the case, it is obvious that the defendant's paramount right was subject to the limitation imposed by the court; it was not free to operate its cars in disregard of an obvious necessity on the part of persons lawfully using the highway to occupy its tracks in passing around an excavation, and, whatever may have been the defendant's duty, as it related to the driver of the wagon, it was bound to use reasonable care, considering the nature of its business and the responsibilities attaching to the carrying of human beings, to prevent any accident by which the plaintiff, its passenger, should be injured; and the question of paramount rights had no legitimate place in the charge.

The court was asked to charge "that the motorman of the street car had a right to assume that the driver of the wagon in question in this case would perform and observe that duty," and declined to do so. The court had charged the second request of the defendant, "that, between the crossings of two streets, it was the duty of vehicles using the tracks of the railroad company to exercise reasonable care, and to leave the tracks free for the unimpeded progress of the cars." The third request does not state any rule of law or duty independent of the charge previously made, and the court was not bound to correct the form of the request. A request to charge should be complete in itself, and a refusal of the court to charge a request which does not state the law correctly is not error. But upon the merits, as we have already suggested, the street was in an abnormal condition, obvious alike to the driver and the motorman; and it was for the jury to say, under the facts disclosed by the evidence, whether the defendant's motorman was justified in assuming that he could operate his car, and assume that the driver of the wagon would use reasonable care to get out of the way, and what was such a reasonable degree of care on the part of the driver as to relieve him from the full responsibility for the accident. If the driver was here demanding damages, the rule might be applied to him. It would undoubtedly be his duty to use reasonable care to get out of the way, but this reasonable care would depend upon the peculiar circumstances, and what might be reasonable care with the street torn up would not answer the requirement where the way was in perfect condition.

The further exception to the charge has been sufficiently considered above in our comments upon the pleadings.

The judgment and order appealed from should be affirmed, with costs. All concur; JENKS, J., in result.